UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DARRYL CROCKETT #100741** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 05-1523** |
| **N. BURL CAIN, WARDEN** | * | **SECTION "S'(6)** |

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DISMISSED PER AGREEMENT OF THE PARTIES.**

In this habeas petition, DARRYL CROCKETT seeks relief from his January 1983 state court conviction for first degree murder, a violation of La. R.S. 14:30, for which he was sentenced to a term of life without benefit of probation, parole or suspension of sentence.[1] Crockett is currently incarcerated in the Louisiana State Penitentiary, Angola, Louisiana.

---

[1] *State v. Crockett,* Criminal Docket No. 289-638, Orleans Parish Criminal District Court, Parish of Orleans, Louisiana. *See* State Rec. Vol. 1.

Crockett filed his federal habeas petition in this court on or about April 14, 2005 and paid his filing fee on May 4, 2005.[2]  The State filed a response on June 27, 2005 which was subsequently rejected by the court.[3]  The court ordered that a supplemental response be filed by the State and the same was filed on December 15, 2006.[4]  On December 26, 2006, Crockett filed a motion to dismiss his habeas corpus action with this court.[5]  The court subsequently contacted the Assistant District Attorney for Orleans Parish to ascertain whether there was any objection to Crockett's *pro se* motion to dismiss.  On January 31, 2006, the court was notified via telephone by the Assistant District Attorney assigned to this matter that the State had no objection to Crockett's motion.

In his motion to dismiss, Crockett states, "The discovery of potential facts in his case has recently come to petitioner's attention and, to enable him to investigate, research and raise any claim(s) based on such facts in litigating a new post-conviction application, petitioner would have to exhaust such new claim(s) at the state level before proceeding with such claim(s) in a federal habeas corpus petition." [6]  In his motion, Crockett does not indicate the nature of the issues which he wishes to pursue. Petitioner merely indicates that he seeks a dismissal without prejudice in order to "preserve his rights to any possible future federal

---

[2]*See* Fed. Rec. Doc. 3, Crockett's petition for writ of habeas corpus.

[3]*See* Fed. Rec. Doc. 12, Order dated November 29, 2006.

[4]*See* Fed. Rec. Doc. 13.

[5]*See* Fed. Rec. Doc. 14.

[6]*See* Fed. Rec. Doc. 14 at page 1.

habeas review."[7]

The State has previously filed a response in which it is urged that Crockett's federal habeas petition be dismissed with prejudice as untimely.[8] Although the State voices no objection to Crockett's motion to dismiss, presumably to avoid piece-meal litigation, the court must make clear to the parties that any dismissal without prejudice simply preserves Crockett's right to file a subsequent habeas corpus petition. A dismissal of the current action avoids the possibility that the subsequently filed petition will be considered successive and makes unnecessary a request for authorization from the U.S. Fifth Circuit to file a successive petition . **A dismissal without prejudice does not, however, wipe the slate clean with regard to whether the issues raised by petitioner will be determined at a later date to be untimely filed.** In other words, the State's asserted defenses to petitioner's currently filed habeas application are preserved, to be re-urged if necessary in a future proceeding. Any future assertions to the court by Crockett that his habeas claims, once potentially time-barred or otherwise procedurally barred, are somehow resurrected by the court's dismissal without prejudice will fall on deaf ears. Moreover, Crockett is strongly cautioned that if he has other issues which need to be addressed by the state courts prior to the filing of a future federal habeas petition, then he must assert those issues as expeditiously as possible in the state courts.

---

[7]*See* Fed. Rec. Doc. 14 at page 1 and 2.

[8]*See* Fed. Rec. Doc. 13.

Finally, in recommending that Crockett's motion to dismiss without prejudice be granted, the court does not pass judgment on whether the State's asserted defense that the instant habeas petition is time-barred has merit.  The court hereby recommends dismissal of this action solely on the ground that the parties have agreed that, in the interest of justice, a dismissal without prejudice is the best resolution of this matter at this time.

## **RECOMMENDATION**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner, Darryl Crockett's federal habeas corpus action be DISMISSED WITHOUT PREJUDICE PER THE REQUEST AND AGREEMENT OF THE PARTIES.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 31st day of January, 2007.

_____
LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE